J-S23029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JERONE ANDRE MOORE | : | |
| | : | |
| Appellant | : | No. 1651 MDA 2021 |

Appeal from the PCRA Order Entered November 22, 2021
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0003215-2015

BEFORE:   STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:              **FILED: OCTOBER 25, 2022**

Jerone Andre Moore appeals the order of the court denying his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. Counsel for Moore has filed an **Anders** brief and a petition to withdraw as counsel.[1] We deny the petition to withdraw.

A jury convicted Moore of attempted murder and kidnapping.[2] Relevant to this appeal, at trial, the Commonwealth admitted into evidence, over Moore's objection, a text message from Moore to his girlfriend. Moore sent the message from his phone one day after the kidnapping. The message read, "A lot of shit went down bae n its bad I need to leave [sic]." N.T., 2/21/17, at

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

[2] 18 Pa.C.S.A. §§ 901 and 2901(a)(3), respectively.

488. Defense counsel objected that the message was not an admission in that Moore could have been "talking about something else." *Id.* at 485. He did not object to authentication. The court overruled the objection. *Id.*

After conviction and sentencing, Jackson appealed to this Court, challenging, among other issues, the authentication of the text message. *See Commonwealth v. Moore*, No. 820 MDA 2017, 2018 WL 3800774, at *2 (Pa.Super. filed August 10, 2018). We rejected this claim as waived due to Moore's failure to include it in his Pa.R.A.P. 1925(b) statement. *See id.* We affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal. *See id.*; *Commonwealth v. Moore*, 203 A.3d 983 (Table) (Pa. filed March 11, 2019).

Moore then filed the instant, timely PCRA petition. The court appointed counsel, who filed an amended PCRA petition. The amended petition contended that trial counsel was ineffective for failing to preserve the challenge to the authentication of the text message. The court denied the petition, and this timely appeal followed.

Counsel's brief identifies one issue: "Whether the trial counsel was ineffective in failing to raise the issue of whether the trial court abused its discretion in allowing evidence of a text message from [Moore's] phone into the record." *Anders* Br. at 1.

When counsel seeks to withdraw on an appeal from the denial of PCRA relief, counsel should file a *Turner/Finley* letter or brief, not an *Anders* brief. *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth*

*v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). However, we may accept an *Anders* brief in lieu of a *Turner/Finley* letter because an *Anders* brief offers broader protection. *See Commonwealth v. Widgins*, 29 A.3d 816, 817 n.2 (Pa. Super. 2011). If counsel has filed an *Anders* brief instead of a *Turner/Finley* brief, we analyze whether counsel's brief meets the standards of *Turner/Finley*.

A *Turner/Finley* brief must: (1) detail the nature and extent of counsel's review; (2) list each issue the petitioner wished to have reviewed; and (3) explain why the petitioner's issues were meritless. *See Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa.Super. 2012) (citation omitted). "Counsel must also send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007). If counsel has substantially complied with these requirements,[3] we conduct our own independent review to determine if the issues raised are in fact meritless. If they are, we grant counsel's petition to withdraw. *Id.*

Here, counsel's brief stumbles at the first and third steps: it does not detail the nature and extent of counsel's review, and does not explain counsel's conclusion that Moore's ineffectiveness claim is meritless. Counsel nowhere in his brief sets forth anything about his review. As to an explanation

_____

[3] *See Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa. Super. 2003) (holding that substantial compliance with *Turner/Finley* criteria is sufficient).

of his conclusion, counsel offers us the conclusory statement that there was "no evidence" at the PCRA hearing "as to why this evidence should have been suppressed at trial." **Turner/Finley** Br. at 10. As the issue is ineffectiveness for failure to preserve a challenge to authentication, we need counsel to explain why that claim lacks merit.

Accordingly, we deny counsel's petition to withdraw and direct counsel to file either a compliant **Turner/Finley** brief and petition to withdraw, or an advocate's brief, within 30 days from the date of this Memorandum.

Petition to withdraw denied.